UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-  Case No.   1:13cr467-TWT

**GREGORY BRYANT**

**Defendant's Attorney
Stephanie Kearns**

---

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

The defendant pleaded guilty to Count(s) 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 922(g)(1) | Possession for a firearm by a convicted felon | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) remaining is dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.        XXX-XX-0607          Date of Imposition of Sentence: July 31, 2014
Defendant's Date of Birth:       1972
Defendant's Mailing Address:
1245 Caroline Street Northeast #221
Atlanta, Georgia 30307

Signed this the 31st  day of July, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **21 months on count 1**.

The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 P.M. on a date to be determined by Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy U. S. Marshal

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of **two (2) years**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall submit to one drug urinalysis within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

The defendant shall not own, possess or have under his/her control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to a search of his/her person, property, residence, place of business or employment, and/or vehicle(s) at the request of the United States Probation Officer,  upon reasonable suspicion.

The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to 42 USC 14135a(d)(1) and 10 USC 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## FORFEITURE

The Court makes as part of this sentence the Preliminary Order of Forfeiture entered on June 9, 2014 and incorporated as part of this Judgment and Commitment directs it be made part of the J&C Order as an attachment.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY BRYANT,<br><br>     Defendant. | Criminal Action No.<br><br>1:13-CR-467-TWT-RGV |

## CONSENT PRELIMINARY ORDER OF FORFEITURE

Gregory Bryant, having pleaded guilty to Count One of the Indictment, pursuant to which the United States sought forfeiture of certain property under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and the Court having determined that the property described below is subject to forfeiture pursuant thereto, that the Government has established the requisite nexus between said property and the offense charged in Count One of the Indictment and the Defendant having consented to this Consent Preliminary Order of Forfeiture becoming final as to him, being made a part of his sentence and being included in the judgment against him;

  IT IS HEREBY ORDERED that Gregory Bryant shall forfeit to the United States the following property pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) :

 a. Jimenez Arms, Inc., model J.A. Nine, 9mm semi-automatic firearm, serial no. 167570;

 b. Assorted ammunition.

IT IS HEREBY ORDERED that upon entry of this order, the United States Attorney General, or his designee, is authorized to seize the property in accordance with Fed. R. Crim. P. 32.2(b)(3).

The United States shall publish notice of this Order and its intent to dispose of the property in accordance with Fed. R. Crim. P. 32.2(b)(6) and in such a manner as described in Supplemental Rule G(4)(a)(iii) and (iv) of the Federal Rules of Civil Procedure. The United States shall send written notice, in accordance with Supplemental Rule G(4)(b)(iii)-(v), to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the above-listed property in the ancillary proceeding.

Pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), any person, other than the named Defendant, asserting a legal interest in the property may within thirty days of the final publication of the notice or their receipt of the notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the property and for an amendment to the order of forfeiture. Any petition filed by a third party asserting an interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title, or interest, and any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in

accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of the third-party petitions. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is hereby final as to the Defendant, but remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

SO ORDERED this 11th day of June, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Dahil D. Goss
Dahil D. Goss
Assistant United States Attorney

Consented to:

/s/ Stephanie Kearns by Dahil Goss with express permission
Stephanie Kearns
Attorney for Defendant
Georgia Bar No. 409950
Federal Defender Program, Inc.
101 Marietta Street, N.W., Suite 1500
Atlanta, Georgia 30303
(404)688-7530
stephanie_kearns@fd.org

3